WADKINS v. CITY OF ALBION.

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—DEFECTIVE SIDE-WALK—QUESTION FOR JURY.

In an action for personal ·injuries .caused by a defective sidewalk, where there was testimony that there was a depression of three to four inches in the walk, the court below was not in error in submitting to the jury, under proper instructions, 'the question as to whether the walk was reasonably safe for public travel.

2. SAME—PLACE OF INJURY—VARIANCE—PLEADING.

In such action, where the declaration described the place where the accident occurred as "at a point on the south sidewalk on Erie street, between the church and the parsonage of the Methodist Episcopal church," and the proofs disclosed that the accident happened on the south. sidewalk on Erie street between the church and the parsonage, and that the defective blocks were taken out and new ones put in their places, and plaintiff testified that she fell where the new blocks were put in, it is not open to the objections that the place of the injury was not definitely fixed, and that plaintiff was allowed to recover for a defect not alleged in the declaration.

3. SAME—NOTICE—CONTRIBUTORY NEGLIGENCE.

That plaintiff had knowledge of the defect, did not necessarily establish her negligence, but was a fact to be considered by the jury along with the other facts as to whether she was negligent or not.

4. SAME—DEFECTIVE SIDEWALK—NOTICE.

It cannot be said, as a matter of law, that the city had no notice 'of the defect, where there was testimony that the bad walk had existed for at least three years, and one witness testified that she told the city manager a few days before the accident of its condition and that he ought to fix it.

Error to Calhoun; North, J. Submitted January 22, 1918. (Docket No. 157.) Decided March 28, 1918.

Case by Jennie M. Wadkins against the city of Al-

bion for personal injuries.    Judgment for plaintiff. Defendant brings error.    Affirmed.

*Frank J. Simon,* for appellant.

*J. M. Hatch & Son,* for appellee.

MOORE, J.    The plaintiff recovered a judgment in the court below for $750, for injuries received on a defective sidewalk which she claims was not reasonably safe and fit for travel.    The case is brought here by writ of error.

We quote from the brief of counsel for the appellant:

"The defendant contends that the circuit judge erred in not directing a verdict in its favor at the close of the trial, or, after reserving his decision until after verdict, in not entering judgment notwithstanding the verdict, for the following reasons:

"*First.* Because the walk was reasonably safe as the plaintiff, according to her testimony, fell upon an obstruction less than, or not exceeding, two inches in height, and one which the city as matter of law would not have to guard against.

"*Second.* Because the obstruction was a straight raise not exceeding two inches in height, and that, and only that, caused the injury to the plaintiff.

"*Third.* Plaintiff did not definitely fix the place of injury.

"*Fourth.* Plaintiff was guilty of contributory negligence as a matter of law.

"*Fifth.* Knowledge or notice by or to the city was not shown as a matter of law.

"*Sixth.* Plaintiff was allowed to recover upon a defect which was not alleged in the declaration." ·

Reasons one and two may be considered together. The judge charged the jury in part:

"As stated by one of plaintiff's attorneys in his argument to you, it is the settled law in this State that a depression in a walk which does not exceed two inches in depth will not render the city liable for damages incident to an accident caused by such depression. Thus you will see that unless the plaintiff in this case

has proven by a preponderance of the evidence that the depression or obstruction in question exceeded two inches in depth or in height, she cannot recover. But if you shall find as a fact from the evidence in this case that one piece of the walk had been depressed and the other had been so raised as to cause a depression of from two to four inches in depth, or if one of the sections of the walk was elevated at one side or end of the section and depressed at the other to such an extent that there was a difference in height of the adjacent portions of the walk of from two to four inches, then it would be a question of fact for you to determine whether the walk was in a reasonably safe and fit condition for public travel."

There was an abundance of testimony that the depression in the walk was three or four inches. Upon this record it cannot be said there is reversible error in this respect. *Williams* v. *West Bay City*, 126 Mich. 156; *Wedderburn* v. *City of Detroit*, 144 Mich. 684.

Reasons three and six may be considered together. The place of the accident was described in the declaration as "at a point on the south sidewalk on Erie street, between the church and the parsonage of the Methodist Episcopal church." The proofs disclosed that the accident happened on the south sidewalk on Erie street between the church and the parsonage. The proofs show the defective blocks were taken out and new ones put in their places. The plaintiff testified: "It was at the point where those new blocks were put in that I fell."

*Fourth.* Could it be said as a matter of law that plaintiff was guilty of contributory negligence. The court charged the jury that unless plaintiff was free from negligence that contributed as a cause to the accident she should not recover.

Plaintiff testified in part as follows:

"Was knowing to the condition of the walk there before, but my mind was busy with the thought that that bad place was a little further down. I had that

in my mind.    There was a deep shadow from the
light there and the buildings and trees, whatever it
may be,  *  *  *  *  I had it in mind, but thought it
was further down."

The fact that the plaintiff had knowledge of the de-
fect did not necessarily establish her negligence but
was a fact to be considered by the jury along with
the other facts as to whether she was negligent or
not.   *Whoram* v. *Township of Argentine,* 112 Mich.
20; *Barnes* v. *West Bay City,* 138 Mich. 93.    There
are many other cases to the same effect.

Can it be said as a matter of law that the city had
no notice of the defect?   There was testimony to the
effect that the bad walk had existed for at least three
years.    One of the witnesses testified that she told
the city manager a few days before the accident of
its condition and that he ought to fix it.

The case was carefully tried and properly submitted
to the jury.

Judgment is affirmed, with costs.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FEL-
LOWS, STONE, and KUHN, JJ., concurred.