### HOPSON v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK.

Where two causes combine to produce an injury to a pedestrian using a sidewalk, one of the causes, at least, must be a defect in the walk, rendering it not reasonably safe for public travel at any time, in order to entitle the pedestrian to recover from the municipality.[1]

2. SAME—ICE ALONE CONSTITUTES NO DEFECT.

Ice on a sidewalk, whether on level places or in depressions, constitutes no defect entailing liability on the municipality.[2]

3. SAME—DEPRESSION IN WHICH ICE FORMED NOT A DEFECT.

A depression in a sidewalk two to four inches deep, in which ice formed, but where there was no other defect in the walk, did not render it out of repair within the meaning of the statute requiring a municipality to keep the walk reasonably safe for public travel.[3]

4. SAME—CITY NOT LIABLE WHERE NO DEFECT IN WALK.

In an action against a city for injuries caused to plaintiff when she stepped into a depression in the sidewalk from two to four inches deep and slipped on the ice formed there, there being no hole or trap to catch her foot, the city was not liable and a verdict in its favor should have been directed.[4]

Error to Wayne; Shepherd (Frank), J., presiding. Submitted April 20, 1926. (Docket No. 129.) Decided June 7, 1926.

Case by Belle Hopson against the city of Detroit for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

[1]Municipal Corporations, 28 Cyc. p. 1409; [2]Id., 28 Cyc. p. 1374; [3]Id., 28 Cyc. p. 1376; [4]Id., 28 Cyc. p. 1506.

Liability of municipal corporation for injuries from rough or uneven snow or ice accumulated from natural causes on a street or sidewalk not otherwise defective, see notes in 13 L. R. A. (N. S.) 1105; 45 L. R. A. (N. S.) 75.

*James R. Walsh* and *Arthur F. Lederle* (*Charles P. O'Neil,* of counsel), for appellant.

*Robert M. Brownson,* for appellee.

WIEST, J.    This is an action to recover damages for personal injuries.    Plaintiff had verdict and judgment for $7,000.

February 20, 1922, at about 8 o'clock in the evening, plaintiff, accompanied by two other women, was walking on the cement sidewalk on the east side of Baldwin avenue in the city of Detroit.    The three women walked abreast with plaintiff on the outside.    Opposite the Myra Jones public school there was a depression in the walk where it had settled and the cement had disintegrated, and this made the walk lower in the center.    In this depression water, from natural causes, had settled with ice at the bottom and a thin layer of water on top.    Outside the depression the walk was clean and dry.    Opposite this depression, and near the edge of the walk, was a small tree with branches extending over the sidewalk about two feet. When plaintiff, so walking with the other women, arrived at the location of the depression in the walk, an overhanging branch of the tree grazed her face and in trying to keep the branch from scratching her face she ducked, slipped on the ice in the depression, fell and was injured.

Plaintiff testified that the walk had sunk in the center, and the cement was broken and had disintegrated; that the hole was about four inches deep and had existed for two years at least, and she knew that rainwater settled in the depression and ice formed there in the winter; that she never measured the depth of the depression and did not know exactly the depth thereof, but it might have been two inches deep, and that it was more than one inch deep.    A witness for plaintiff thought the depression was three or four

inches deep, because she had stepped in the depression and the water went over her rubbers and she judged "a rubber is about three or four inches high," but the depression might have been less than three or four inches deep, and might have been two inches deep, but was more than an inch and a half deep.   The chief engineer at the Myra Jones school testified that he inspected the sidewalk the day of the accident; that the walk had sunk in the middle about two inches and made a saucer-shaped depression, but there was no cement broken and no hole in the walk itself.

In the brief of counsel for plaintiff it is stated:

"The theory upon which defendant's liability in this case is predicated is, that when two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate—the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible—the municipality is liable, provided the injury would not have been sustained but for the defect.    Consequently where, as in this case, an injury resulted from the slippery condition of a sidewalk, together with a defect in the walk, the municipality is liable therefor, if the defect in the sidewalk was a proximate cause of the injury."

We have examined the cases cited in support of this contention.    In order to employ the doctrine of a slippery place precipitating one into an unsafe place, there must be an unsafe place to slip into.    Whatever the rule may be in other jurisdictions, relative to liability of a municipality for ice upon a sidewalk by action of the elements, the rule obtaining in this jurisdiction places no liability for ice so forming.   The rule, and the only rule, under which plaintiff could recover, is that, where two causes combine to produce an injury to a pedestrian using a sidewalk, one of the causes at least must be a defect in the walk, rendering the walk not reasonably safe for public travel at any time.    Ice on a sidewalk, whether on level places or

in depressions, constitutes no defect entailing liability. *Gavett* v. *City of Jackson*, 109 Mich. 408 (32 L. R. A. 861); *Wesley* v. *City of Detroit*, 117 Mich. 658; *Jefferson* v. *City of Sault Ste. Marie*, 166 Mich. 340, and cases there cited; *Mayo* v. *Village of Baraga*, 178 Mich. 171. There was no culpable defect in the walk. The depression here involved, no matter what caused it, did not render the walk out of repair within the meaning of our statute relative to the duty of defendant to keep the walk in repair and reasonably safe for public travel.

In *Jackson* v. *City of Lansing*, 121 Mich. 279, it was held that an irregular depression in a cement sidewalk, one and one-half to two feet in area and from one and one-half to three inches deep, caused by the breaking of the cement and wearing of the grouting, did not make the walk not reasonably safe for public travel. See, also, *Cornell* v. *City of Ypsilanti*, 212 Mich. 540.

In *Beltz* v. *City of Yonkers*, 148 N. Y. 67 (42 N. E. 401), there was involved a depression about two feet and two inches in length by seven and one-half inches in width, and two and one-half inches in depth, near the middle of the sidewalk, caused by the breaking off and removal of parts of the stone. In holding the city not liable to a pedestrian injured by a fall occasioned by stepping into the depression, the court well stated:

"If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe."

See, also, *Terry* v. *Village of Perry*, 199 N. Y. 79 (92 N. E. 91, 35 L. R. A. [N. S.] 666, 20 Ann. Cas.

796) ; *Schall* v. *City of New York,* 88 N. Y. App. Div. 64 (84 N. Y. Supp. 737) ; *Powers* v. *City of New York,* 121 N. Y. App. Div. 433 (106 N. Y. Supp. 166).

The city not being liable because of the depression in the walk, is the city liable because rain or snow water was held in the depression and formed ice?

In Massachusetts there is a statute declaratory of the rule long established in this State by decisions of this court. That statute makes a municipality in Massachusetts liable for injuries resulting from the slippery condition of a walk where there is a defect in the walk to which, as a proximate cause, the accident is in part attributable. That, substantially, is the theory upon which plaintiff asks that defendant herein be held liable.

In *Newton* v. *City of Worcester,* 174 Mass. 181 (54 N. E. 521), the court pointed out the reason why the plaintiff in the case at bar may not maintain this suit. It was there said:

"We think the proper and only reasonable interpretation of the statute is, that wherever ice or snow is the sole proximate cause of the accident, there shall be no liability, but where at the time of the accident there is any other defect to which, as a proximate cause, the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow. This other defect, however, is not a proximate cause within the meaning of this rule, simply because it causes the accumulation of the ice or snow. In considering whether, 'at the time of the accident, the way is otherwise reasonably safe and convenient,' the attention is to be directed to the actual physical condition of the way for the purpose of ascertaining whether there is at that time any other danger to the steps of the traveler than that arising from the presence of ice or snow; if there be no other danger, then for the time being the way is 'otherwise reasonably safe and convenient.' "

The ice filled the depression, except a thin layer of

water at the top, leaving no hole or trap into which plaintiff could step or catch her foot. Under the evidence and holdings of this court, the verdict should have been directed for defendant at the close of plaintiff's proofs. Plaintiff made no case.

The judgment is reversed without a new trial. Defendant will recover costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.