**FINK v. CITY OF HIGHLAND PARK**

1. MUNICIPAL CORPORATIONS — LIABILITY — DEFECT IN PUBLIC SIDE-WALK.

   Persons may not, as a matter of law, recover from a municipal corporation for injuries received because of an irregularity of less than two inches in the surface of a city sidewalk (CLS 1961, § 242.1).

2. NEGLIGENCE—PUBLIC UTILITIES—DEFECT IN PUBLIC SIDEWALK—LIABILITY.

   Public utility companies are required to restore and maintain conditions of reasonable safety in regard to property affecting the public travel; the "two-inch rule" barring recovery from municipalities in cases involving an irregularity of less than two inches in the surface of a public sidewalk does not apply to public utility companies who are properly liable for injuries sustained if negligence is found in the maintenance of devices in a public sidewalk (CLS 1961, § 242.1).

Appeal from Wayne, Blair Moody, Jr., and Neal Fitzgerald, JJ. Submitted Division 1 June 5, 1969, at Detroit. (Docket No. 6,103.) Decided August 28, 1969. Leave to appeal denied May 18, 1970. See 383 Mich 782.

Complaint by Sol Fink against the City of Highland Park, a Michigan municipal corporation, and the Michigan Consolidated Gas Co., a Michigan corporation, for injuries sustained when plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Municipal Corporations § 593.
[2] 38 Am Jur, Negligence §§ 166, 168.

tripped and fell over a metal cover plate located in a public sidewalk in defendant city and owned, maintained and situated by defendant gas company. Summary judgment for defendant City and directed verdict for defendant gas company. Plaintiff appeals directed verdict. Reversed and remanded for further proceedings against defendant gas company.

*David A. Fried,* for plaintiff.

*Richard J. McClear,* for defendant Michigan Consolidated Gas Company.

Before: Holbrook, P. J., and McGregor and Bronson, JJ.

McGregor, J. The Court is asked here to apply to a public utility the so-called "2-inch rule"[1] which heretofore applied only to municipal corporations. This Court has held in the past, under CLS 1961 § 242.1 (Stat Ann 1958 Rev § 9.591),[2][*] that a person cannot, as a matter of law, recover from a municipal corporation for injuries received because of a defect of less than two inches in a city sidewalk.

Plaintiff was injured on August 24, 1964, when he tripped over a 6-inch by 6-inch metal cover plate

---

[1] *Bigelow* v. *City of Kalamazoo* (1893), 97 Mich 121.

[2] "Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect of such public highways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city or corporation, whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

[*] Statute cited has been repealed, see PA 1964, No 170, § 14, effective July 1, 1965, and is now included in MCLA § 691.1401 *et seq.* (Stat Ann 1969 Rev § 3.996[101] *et seq.*).

with the word "gas" inscribed thereon, which was located in a public sidewalk in Highland Park. Permission was received by the Michigan Consolidated Gas Company to install a shut-off box in the existing sidewalk, but it appears that when the sidewalk was subsequently completed, the cover plate was one-half inch below the sidewalk surface. This action was brought, alleging that Michigan Consolidated Gas Company and the City of Highland Park, a municipal corporation, were negligent in failing to maintain the cover plate level with the surrounding sidewalk.

Summary judgment was granted in favor of the city defendant because of plaintiff's failure to state a cause of action, and subsequent to this, a directed verdict was entered for defendant Michigan Consolidated Gas Company for the same reason. Plaintiff appeals defendant gas company's directed verdict.

The issue on appeal is whether the so-called "2-inch rule", applicable to municipalities owning sidewalks applies also to a public utility, which installs outside shut-off boxes in the sidewalks.

The law of Michigan is clear in regard to the 2-inch rule, beginning with *Bigelow* v. *City of Kalamazoo* (1893), 97 Mich 121; *Wadkins* v. *City of Albion* (1918) 201 Mich 130; and continuing with *Berry* v. *City of Detroit* (1955), 341 Mich 702; *Harris* v. *City of Detroit* (1962), 367 Mich 526. It is interesting to note that dissenting opinions over the years have decried the 2-inch rule and furnished cogent reasons why it should no longer be the law of the state. Of particular interest in this light is the dissent of Adams, J., in *Harris* v. *City of Detroit, supra,* in which he states, inter alia, page 533:

"Mr. Justice [T. M.] Kavanagh has correctly stated the present status of this judge-made rule of law,

Under the long line of decisions of this Court, if the rule of *stare decisis* is to be applied, an order granting the motion to dismiss and affirming the trial court should be entered.   However, this judge-made rule of law, perhaps proper when conceived, is applicable to other times and other conditions which have long since faded from our present Michigan scene of super highways, super markets, and super cities."

In *Berry* v. *City of Detroit, supra,* this law was upheld, even though the Court recognized that the rule had been criticized.   In *Parker* v. *City and County of Denver* (1953), 128 Colo 355 (262 P2d 553, 37 ALR2d 1177), prior decisions holding that depressions or elevations of specified depths or heights constituted actionable negligence per se, were overthrown.   The elevation in question was from one to two inches.   After reviewing the authorities, the court said (pages 360, 361):

"We believe it improper and error for a court to undertake to determine actionable negligence by a fraction of an inch, for if the depression in *City of Colorado Springs* v. *Phillips* (1924), 76 Colo 257 (230 P 617), is held to be good law, then if the depression or elevation is 2 inches or less there is no actionable negligence, whereas, if it is a fraction of an inch over 2 inches it may be actionable and require a jury's determination of negligence.   This is an absurd situation, and we cannot subscribe thereto.   It has been announced in many decisions, some of which we shall cite hereinafter, that each case must be decided by the surrounding circumstances, and generally the matter must be left for the jury."   See Mr. Justice Adams' dissent in *Harris* v. *City of Detroit* (1962), 367 Mich 526, 536, for numerous citations.

We note the above only in passing, for we are not here called upon to pass on the judicial propriety or impropriety of past decisions.

Our courts have in the past required public utilities to restore and maintain conditions of reasonable safety in regard to property which affects the public travel. In *Sherman* v. *Consumers' Power Co.* (1917), 199 Mich 543, defendant, a public utility company, had done some construction work on a public highway. A trench which had been dug was refilled, but subsequently the ground sank, leaving a depression. Plaintiff sustained injuries when he drove his wagon over the depression. Plaintiff received judgment, which defendant appealed, contending that no actionable negligence had been shown, and defendant's motion for a directed verdict should have been granted. The Supreme Court stated that it was a question for the jury to determine whether, under all conditions, a highway was reasonably safe for travel.

The Court refers to and cites with approval *Dora* v. *Kroger Co.* (1965), 1 Mich App 286, 288 wherein it states:

"The rationale of the rule to some extent includes the idea that municipalities—even the smallest—are not reasonably expected to know of every defect in its streets or sidewalks and the court has arbitrarily fixed the two-inch mark as the minimum defect it will examine for negligent maintenance.

"This 'de minimis' approach has not been applied to any private property of which we have knowledge, and not wishing to impinge upon the prerogatives of the jury, we decline to apply it here."

The *Dora Case, supra,* dealt with the issue of whether the two-inch rule should be applied to private property. This case indicates reluctance to extend a judicially made ruling to new and diverse areas when it is not dictated by policy, past decision, or sound judicial administration.

For the reasons herein cited, the decision of the trial judge is reversed and the case remanded for

further proceedings in accordance with the usual and familiar principles, applicable where a claim of negligence is involved. If, upon a careful consideration of all the facts and circumstances, it is the opinion of the trial judge that, as a matter of law, no negligence exists on the part of the gas company, then he should so rule and direct a verdict for the defendant. On the other hand, if, under all the facts and circumstances of the case, it appears that there is a question as to whether or not the gas company was negligent, then such question should be submitted to the jury for its determination.

Reversed and remanded; costs to plaintiff.

All concurred.