## STEWART *v.* ELDRED.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Testimony is construed as strongly as reasonably possible in favor of plaintiff on appeal from order granting defendant's motion for directed verdict in action by administratrix of estate of 3-year-old boy who was killed while crossing street, in which defendant interposed defense of release for sum of $500.

2. RELEASE—FRAUD—BAR TO ACTION BY ADMINISTRATRIX OF ESTATE OF CHILD.

The return, or an offer to make return, of consideration received for a so-called release by the parents of 3-year-old boy who was killed by defendant motorist, is not a condition precedent to the maintenance of action by the administratrix of the child's estate, wherein the issue so far as the instrument involved is concerned was whether there was fraud in its execution by the parents, they being the real parties in interest in the instant action.

3. SAME—AVOIDANCE—TENDER.

A tender back of the consideration received is not a condition precedent to the avoidance of the release, where there is fraud in the execution of a release of a claim for personal injuries, as distinguished from fraud in the inducement.

4. SAME—FRAUD IN EXECUTION—EVIDENCE.

A directed verdict for defendant insured motorist in action by administratrix of the estate of a 3-year-old boy who was killed while crossing a street was error, where there was testimony to support claim of fraud in the execution of the release the parents of the child had executed 9 days after the accident in that it was understood by them to have been a receipt, it appears that they were inexperienced in business

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886.
[3] 45 Am Jur, Release § 53
[4] 45 Am Jur, Release § 52.

matters, and that while the father could have read the paper while he had it momentarily, he did not do so and the draft was cashed by a representative of the insurer immediately after the parents had signed it.

Appeal from Calhoun; Steinbacher (Harold E.), J. Submitted June 6, 1957. (Docket No. 29, Calendar No. 46,947.) Decided July 31, 1957.

Case by Sallie M. Stewart, administratrix of the estate of Claude Ray Goddard, deceased, against Adair Eldred for damages by reason of death of child pedestrian struck by automobile. Defendant claims settlement and release. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Russell W. Conroy* and *Roger H. Nielsen,* for plaintiff.

*Dwight W. Fistler,* for defendant.

CARR, J. This case has resulted from a traffic accident that occurred in the city of Battle Creek about 7:30 o'clock in the evening of January 10, 1953. While crossing a public street in that city, plaintiff's decedent, Claude Ray Goddard, a child 3 years of age, was struck by an automobile driven by defendant, sustaining injuries resulting in death the following day. The present suit was started by the administratrix of the estate of said child under date of July 20, 1955. The declaration filed alleged negligence on the part of defendant constituting the proximate cause of the accident and of the death of Claude Ray Goddard.

Defendant's answer to the declaration denied negligence on his part, and further alleged that the father of the child had released defendant from any

claims. whatsoever on his part. Plaintiff's reply to the answer denied such release. Subsequently an amended answer was filed, charging specifically that on the 19th day of January, 1953, the parents of Claude Ray Goddard had executed a release to defendant of "all claims, demands, damages, actions, causes of action, or suits at law or in equity." It was further averred that a draft in the sum of $500 had been delivered to said parents and indorsed by them, the instrument containing a declaration that such indorsement constituted a release and receipt in full payment of the amount stated therein.

On the trial of the cause testimony was introduced on behalf of plaintiff tending to show that the accident resulted because of negligence on defendant's part. The parents of Claude Ray Goddard were called as witnesses, and were examined and cross-examined at some length. It was their claim, with reference to the alleged release of any cause of action that they might have arising from the death of their child, that being in need of funds to pay the funeral expenses they had gone to the office of the agent of an insurance company that had issued a policy to defendant covering his automobile and the operation thereof. They testified, in substance, that said agent indicated that he might be able to get them some money and that he would take it up with the company. Thereafter said agent presented to the parents a paper, which they signed at his request and which they claimed he designated as a receipt. It further appeared from their statements that a draft in the sum of $500 was also tendered them, the insurance agent saying that if they would indorse it he would cash it for them and would give to them all over and above the amount of the funeral expenses which he undertook to pay to the party claiming same.

The parents testified that they did not read either paper, that they relied on the statement of the agent that the first paper was a receipt, that they did not know that it was in fact a release, and that they understood that the money paid them was to cover the funeral expenses. The proofs disclosed that they actually received in cash an amount somewhat in excess of $200 which apparently was used for their general expenses. The testimony of the mother indicated that she had not gone beyond the third grade in school, and that she relied entirely on the statements made to her at the time the papers were signed. The father was able to read, having completed the eighth grade in school, but claimed that he was somewhat excited and nervous at the time, that he did not actually read either paper before signing, and that he also relied on the statement of the agent that the first paper presented was a receipt. Both witnesses testified to statements made by the agent of the insurance company to the effect that a representative of said company would see them later with reference to a final adjustment.

At the conclusion of plaintiff's proofs counsel for defendant moved for a directed verdict. The motion was granted. In his opinion the trial judge discussed the testimony at some length, emphasizing the failure of the parents of plaintiff's decedent to return, or tender, to the insurance company the $500 that had been paid to them. Attention was also directed to the fact that the father of the boy was able to read the instrument but failed to do so. It is not disputed that the parents are the real parties in interest in the litigation. Judgment was entered on the directed verdict, and plaintiff has appealed.

In view of the manner of disposition of the cause in the trial court, the testimony must be construed as strongly as reasonably possible in plaintiff's favor. No question is raised on appeal as to de-

fendant's negligence. Under the pleadings, and the proofs introduced by plaintiff on the trial, the question at issue is whether there was fraud in the execution of the papers signed by the parents of plaintiff's decedent. The case does not involve an attempt to rescind on the theory of fraud in the inducement rendering the release voidable. The claim of plaintiff is that it was absolutely void, and that at most the paper first signed by the parents of the child should be regarded merely as a receipt. The right of plaintiff to have the questions in the case submitted to the jury depends on whether the proofs support the claim made. If the instrument, the so-called release, and the corresponding provision in the draft were void for the reason asserted on behalf of plaintiff, the return of the money received, or an offer to return, was not a condition precedent to the maintenance of the case. Neither may it be said that plaintiff administratrix is estopped to prosecute the action because of delay in starting suit, or other conduct on the part of the parents of the child. It does not appear that defendant, or his insurer, has been prejudiced by such conduct, and no issue of estoppel is raised by the pleadings in the case.

This Court has considered in prior decisions objections to the validity of written instruments on the ground that the execution thereof was obtained by fraud. Such a claim was made in *Porth* v. *Cadillac Motor Car Co.,* 198 Mich 501. Plaintiff in that case insisted that he was induced to sign a release in reliance on representations made to him on behalf of defendant that the paper was merely a receipt. In concluding that the issue was one of fact for the determination of the jury, the court pointed out that if the situation was as plaintiff claimed, there was no obligation on his part to return the money paid to him as would have been the situation had the right

of rescission been asserted because of fraud in the inducement. The judgment that had been rendered in the circuit court in favor of plaintiff, in accordance with the verdict of the jury, was reversed because of errors in submitting the case. In the course of the opinion the Court (p 511) quoted with approval from *O'Neil* v. *Lake Superior Iron Co.,* 63 Mich 690, 698, as follows:

" 'It is not the intention, but the effect upon the plaintiff of what was said and done at the time the paper was signed, that is material here; for if the effect was to lead him to believe that he was signing a mere receipt, and call his attention away from the fact that he was signing so important a paper as an agreement for a release of defendant from liability, the result would be the same—he was deceived as to the true character of the paper he was signing. He testifies that he did not know that he was signing, and did not intend to sign, an agreement to release defendant from liability arising from its negligence.' "

In *Hoban* v. *Ryder,* 257 Mich 188, separate actions by 2 plaintiffs for damages for personal injuries sustained in an automobile collision, it was the claim of plaintiffs that their signatures to an instrument in the form of a release were obtained by fraud and deceit consisting of representations that the paper was only a receipt for money paid for articles that Mrs. Hoban had lost as a result of the collision. It was held that the question as to the validity of the release as such was properly submitted to the jury, and the judgments in their favor were affirmed.

In accord with the foregoing decisions is *Gayden* v. *Arabais,* 292 Mich 651. There the testimony was conflicting, plaintiff claiming that she was induced to sign a paper that purported to be a release of her cause of action on the representation that it was a

receipt for a payment made on account and that full settlement would be made later. Plaintiff's claim rested on her own testimony, which was contradicted by other witnesses. It was held, however (pp 656, 657), that "a jury might readily accept the testimony of one witness as against that of several others if they felt that the testimony of that witness was entitled to more weight and was more credible than the testimony of all the other witnesses combined. It is for the jury and not the court to determine the credibility of a witness." The jury decided the disputed question in favor of plaintiff, finding that no valid release of her cause of action was given by her. The judgment entered on the verdict was affirmed, the Court citing, among other cases, *Porth* v. *Cadillac Motor Car Co., supra,* and *Hoban* v. *Ryder, supra.*

In *In re Clark's. Estate,* 318 Mich 92, this Court affirmed an order of the circuit judge made on appeal from the action of the probate court setting aside its order of authorization of settlement of a claim, the circuit court order requiring that as a condition of such action plaintiff should tender back the amount paid to him in his capacity as guardian under said settlement. Plaintiff claimed that the settlement was void on the ground that it was represented to him that it did not constitute a release in full of the claim. This Court recognized that such claim was one of fraud in the execution, but concluded from the record that the appellant had failed to show that he was fraudulently deceived by defendant. It was accordingly recognized that under the facts of the case the order requiring a tender of the amount received as a prerequisite to setting aside the order of settlement was proper. In discussing the situation, however, it was said (p 98):

"We have frequently held that where there is fraud in the execution of a release of a claim for personal injuries, as distinguished from fraud in the inducement, a tender back of the consideration received is not a condition precedent to the avoidance of the release."

Counsel for defendant has cited *Randall* v. *Port Huron, St. C. & M. C. R. Co.*, 215 Mich 413; and *Story* v. *Page*, 280 Mich 34, among other decisions. The factual situation in each differed materially from that in the case at bar. In the *Randall Case* the plaintiff was injured while riding as a passenger on one of defendant's interurban cars. A settlement was made, apparently before the exact nature and extent of plaintiff's injuries were known. By the terms of the agreement the sum of $250 was paid. Subsequently, the plaintiff brought suit, claiming in his declaration that he did not understand that the release was for all damages for injuries that he may have received, and that it was represented to him on behalf of defendant that he would fully recover from such injuries within a short time. Under the facts in the case the trial court found that the fraud, if such there was, was in the inducement to the execution of the release, and that a tender back of the amount received was essential to maintenance of the action. Apparently such a tender was made during the course of the trial, and was refused. The Court held on appeal that such tender was not made within a reasonable time, and that the trial judge properly directed a verdict in favor of the defendant on the ground that the proofs failed to indicate fraud in the execution of the release, as distinguished from fraud in the inducement.

In the *Story Case* the facts were also materially different from those disclosed by the testimony in the case at bar. The action was brought by plaintiff as the administrator of the estate of his son, who

was 17 at the time of the accident resulting in his death. Under the facts in the case this Court pointed out that there was a serious question as to whether defendants were chargeable with negligence and, likewise, as to the son's freedom from contributory negligence. However, an agreement was entered into between the parents of decedent and the insurance company that had issued a policy covering the operation of the motor vehicle involved in the occurrence. Several releases were in fact executed and signed by the parents, one of them containing a statement written by them above their signatures as follows:

"I have read this and understand this is a release. I have read this and understand that it releases all claims."

A draft with release attached was delivered to the parents of the deceased, who retained it until the following day when they indorsed it and cashed it. It was claimed in their behalf that they understood that they were settling for funeral expenses only and not discharging all possible claims. The Court determined from the record that plaintiff's claim as to the invalidity of the release was not substantiated by proper proofs, and also that the release executed by the father of decedent was binding upon the estate, attention being called to the fact that the father was subsequently appointed administrator. It should be further noted that the parties executing the release were shown to be intelligent, that, as noted, they had opportunity to examine the draft while it was in their possession, and that they made an agreement with the adjuster for the insurance company to meet the latter at the probate office of the county for the purpose of having an administrator appointed to the end that a further release might be executed thereby.

In the case at bar the parents of plaintiff's decedent did not have either of the papers that they signed in their possession other than momentarily. As before stated, the draft was cashed by the representative of the insurance company. The testimony of said parents indicated that they were inexperienced in business matters, and each claimed to have relied on the statements made to them as to the nature of the paper that they signed. The fact that the father might have read the instrument had he wished to do so does not bar plaintiff from insisting that the papers did not constitute a release of the cause of action. The claim that there was fraud in the execution finds support in the proofs, and plaintiff was entitled to have the question submitted to the jury for determination. The trial judge was in error in directing a verdict in favor of the defendant. The return, or tender, of the amount paid to the parents was not a condition precedent to the right to maintain the action brought by the administratrix.

The case is remanded to the circuit court with directions to set aside the judgment entered and to grant a new trial. Plaintiff may have costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.