## ZAMLER *v.* SMITH.

### DECISION OF THE COURT.

1. JUDGMENT—MOTION FOR SUMMARY JUDGMENT—QUESTIONS DETERMINABLE.

   Trial court was limited to determination of whether or not affidavits or other proof show there is a genuine issue of fact when hearing motion for summary judgment (GCR 1963, 117.2).

### SEPARATE OPINION.
### O'HARA and ADAMS, JJ.

2. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT.

   *Summary judgment for plaintiffs in action for breach of contract to purchase voting rights in stock of a corporation held, improperly granted, where there was a sharp issue of fact as to whether there had been delivery or nondelivery of the voting rights (GCR 1963, 117).*

3. TRIAL—ISSUES OF FACT—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES.

   *An issue of fact may not be withheld from the trier of the facts, be it trial judge or jury, when evidence presents such issue,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 342.
[2] 41 Am Jur, Pleading §§ 341, 342.
[3] 53 Am Jur, Trial § 177.
[4] 20 Am Jur 2d, Costs § 16.
[5] 41 Am Jur, Pleading § 342.

*as the trier of facts determines the weight to be accorded the evidence adduced, draws all reasonable inferences therefrom, and is the sole judge of the credibility of the witnesses.*

4. COSTS—NEITHER PARTY PREVAILING IN FULL.
    *No costs on appeal are allowed in action for breach of contract for sale of voting rights in a corporation, where case is remanded for further proceedings, no party having prevailed in full.*

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and DETHMERS, SOURIS, and SMITH, JJ.

5. JUDGMENT—MOTION FOR SUMMARY JUDGMENT—QUESTIONS DETERMINABLE.
    *A trial judge's proper scope of factual inquiry on motions for summary judgment is limited to a determination of whether the affidavits or other proof show there is no genuine issue of material fact, hence, the trial court may not then determine facts on the hearing of such motions (GCR 1963, 117.2).*

Appeal from Wayne; Piggins (Edward S.), J. Submitted January 5, 1965. (Calendar No. 8, Docket No. 50,412.) Decided June 7, 1965.

Declaration by Lawrence Zamler and Katie Zamler against Arthur N. Smith, Metropolitan Finance Company and American Adjustment Corporation, Michigan corporations, jointly and severally, for breach of a contract to purchase voting stock owned by plaintiffs. Defendant corporations counterclaim for malicious prosecution. Summary judgment for plaintiffs as to defendant Smith. Summary judgment for plaintiffs as to defendant corporations' counterclaim. Dismissed as to defendant Metropolitan Finance Company. Defendant Smith appeals. Reversed.

*Klar, Klein & Rosenberg* (*Louis T. Klein,* of counsel), for plaintiffs.

*Gordon S. Smith* and *Barry A. Kushner,* for defendant.

O'HARA, J.   This is an appeal from a summary judgment* entered by the trial judge in an action at law in which no jury was demanded on a purchase sale agreement.   The factual background is as follows:  Arthur N. Smith, as an individual, by written instrument signed both by him and plaintiffs, agreed to purchase and they to sell certain voting common stock of Metropolitan Finance Company. The instrument provided for delivery of an assignment of the voting rights immediately upon execution thereof.   It also contained an option permitting plaintiffs to cancel the *sale* as opposed to the assignment of voting rights within a 10-day period beginning one year from the date of the agreement, at which time full payment was due for the stock.   Defendant was president of both corporations.   The agreed price was $7,956, for 663 shares at $12 per share.   Defendant delivered one check to plaintiffs, drawn on defendant American Adjustment for $4,-000.   Later he delivered another check so drawn for $3,956.   The second check, postdated, was returned for insufficient funds.   Defendant American Adjustment is a subsidiary of defendant Metropolitan. It appears from the record that defendant Smith was attempting to obtain voting control of corporate defendant American.   When the second check was returned, plaintiffs began suit against all 3 defendants and garnisheed their accounts in several Detroit banks.   Answers were filed and affirmative defenses pleaded.   Plaintiffs moved for summary judgment.   The corporate defendants moved to dismiss the original action, as to them, and filed counterclaims against plaintiffs for malicious abuse of process.

The court ordered testimony taken on the motions for summary judgment.   The result was an extremely copious testimonial record.

---

* See GCR 1963, 117.—REPORTER.

Plaintiff Lawrence Zamler testified he signed, with his wife's consent, both their names to the stock transfer and executed and delivered the assignment of voting rights. Defendant Smith denied both delivery of the assignment and valid execution of the transfer. He also testified to an extremely complex set of facts that somehow or other constituted him a broker of sorts for the defendants. He denied that the initial check was in partial payment for the stock, and alleged some sort of "loan" agreement with plaintiff husband. He pleaded nonperformance by plaintiffs and tendered back the stock. The hearing on the motion encompassed almost all the issues which would have been involved in a hearing on the merits.

It is not to the point of decision here that no jury was demanded and that Judge Piggins would have been, under the pleadings, the trier of the facts and the sole judge of the credibility of the witnesses. We think perhaps this fact may have led to the error which compels us to reverse.

At the conclusion of the testimony, the trial judge held as follows: He denied the motions of defendants Metropolitan and American Adjustment for summary judgments on their counterclaims against plaintiff for malicious prosecution. He dismissed the original action as to Metropolitan for failure to state a cause of action against it. From these dispositions defendant Smith only claimed appeal. We limit our consideration to that appeal claimed.

We reverse as to his entry of summary judgment for plaintiffs against defendant Arthur N. Smith, because in order to grant summary judgment against defendant Smith, the judge had to accept the plaintiffs' version of the testimonial record as credible and to reject that of the defendant as unworthy of credence. We think the sharp issue of fact as to

delivery or nondelivery instanter of the assignment of the voting rights, essential to full performance of the written agreement alone mandated hearing on the merits. We believe the trial judge himself answered the decisive question when he remarked from the bench:

"As I say I would like to bend over backwards and give the defendant his full day in court, but I can't quite accept *it*." (Emphasis supplied.)

The "it," we think, the court referred to was defendant Smith's testimony. We note he further added on the question of nondelivery of the voting rights:

"The testimony indicates to the contrary."

We are mindful that Judge Piggins, sitting as the trier of the facts, would have been the sole judge of the weight of the testimony including what inferences might be properly drawn therefrom. He would as well have been the sole judge of the credibility of the witnesses. Passing only as he was on the question of whether an issue of fact existed, we are constrained and hold he entered upon the area that was reserved for the trier of the facts, whether court or jury. It is the more important that we so hold here in this case where no jury was demanded so that the circuit bench and profession may know that the rule concerning the inviolability of resolution of genuine fact issues is for the trier of facts alone. Justice BLACK, for a unanimous participating Court, in *Hughes* v. *John Hancock Mutual Life Insurance Co.*, 351 Mich 302, wrote at p 308, setting forth the rule:

"As was said by Justice COOLEY (in *Woodin* v. *Durfee*, 46 Mich 424, 427, where the trial judge had directed a verdict for the plaintiff):

" 'But the difficulty is that the facts were not conceded or beyond dispute: there was evidence of them which probably ought to have satisfied anyone to whom it was addressed; but evidence is for the jury, and the trial judge cannot draw conclusions for them.' "

Further in the same case, the following language was noted with approval from *Reid* v. *Maryland Casualty Co.* (CCA5), 63 F2d 10, at p 309:

"This appeal presents the single question whether the district judge was right in his view, that since he disbelieved plaintiff's testimony, and had made his mind up that if plaintiff had a verdict he would not let it stand, he had the right to withdraw the case from the jury and himself determine the credibility of the witnesses.

" 'We think it beyond question that he was not. District judges are pronouncing no mere rigmarole when, in law cases, they charge jurors that they are the sole and exclusive judges of the credibility of the witnesses, and the weight to be given to their testimony. They are setting forth the very substance of a jury trial as guaranteed by the Seventh Amendment to the Constitution. Its purpose and aim "is not to preserve mere matters of form and procedure, but substance of right. This requires that questions of fact in common-law actions shall be settled by a jury, and that the court shall not assume, directly or indirectly, to take from the jury or to itself such prerogative." *Walker* v. *New Mexico & S. P. R. Co.*, 165 US 593, 596 (17 S Ct 421, 422, 41 L ed 837). It requires that except in cases where the evidence is such that reasonable minds can draw only one conclusion from it upon the issues, cases tried to a jury must go to a jury for their verdict. Especially is this so where, as here, the case turns upon the credibility of the witnesses.' "

We add again for emphasis and in the event that litigants and their counsel may choose to entrust

their cases involving fact issues to the able trial bench of our State, the applicable rule is no different whether the trier of the facts be judge or jury. Before the trial judge when sitting as the trier of the facts, the full range of vigorous cross-examination is preserved and the same latitude allowed the jury is preserved to them in drawing all reasonable inferences from evidentiary facts. They become the sole judges of the credibility of the witnesses.

For the reasons hereinbefore detailed, the denial of the motion to set aside the summary judgment as to defendant Arthur N. Smith is vacated. The case is remanded for further proceedings consistent with our holding herein. No costs may be taxed, no party having prevailed in full.

ADAMS, J., concurred with O'HARA, J.

SOURIS, J. (*concurring*). I agree with Mr. Justice O'HARA that the summary judgment entered by Judge Piggins against defendant Smith must be reversed.

While plaintiffs' motion for summary judgment asserted that there was no genuine defense set forth by defendants, its real thrust, considering the affidavits in support of it, was as a motion filed under GCR 1963, 117.2(3) asserting the right to summary judgment because there were no genuine issues of material fact.

It was quite evident when the motion was called for hearing that the plaintiffs were not entitled to summary judgment without more. What was lacking was sought to be supplied by testimony from the defendant Smith and from the plaintiff Lawrence Zamler. That testimony appears in 32 typewritten pages of the record made below.

My concurrence with Justice O'Hara's reversal is based upon the fact that the trial judge undertook to resolve at the hearing on the motion for summary judgment disputed issues of fact upon the basis of the testimony he heard. His only appropriate role at that time was to determine from the pleadings, affidavits and other evidence before him that there were genuine issues of fact. Consequently summary judgment under GCR 1963, 117.2 (3) was unavailable as a remedy. See my opinion in *Durant* v. *Stahlin* (*Appeal in re Van Dusen, Elliott, Romney*), 375 Mich 628, 640, also decided this day.

T. M. KAVANAGH, C. J., and DETHMERS and SMITH, JJ., concurred with SOURIS, J.

KELLY and BLACK, JJ., concurred in result.