**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
**Maura D. Corrigan**

Justices
**Michael F. Cavanagh**
**Elizabeth A. Weaver**
**Marilyn Kelly**
**Clifford W. Taylor**
**Robert P. Young, Jr.**
**Stephen J. Markman**

FILED JUNE 12, 2001

VALERIA HALIW and
ILKO HALIW,

    Plaintiffs-Appellees,

v                            No. 115686

THE CITY OF STERLING HEIGHTS,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

We granted defendant city of Sterling Heights' application for leave to appeal in this case to decide the proper application of the "natural accumulation" doctrine to municipal liability. Because we conclude that the natural accumulation of ice or snow on the sidewalk at issue does not give rise to an actionable breach of defendant's duty, and the claimed depression in the sidewalk was not an independent defect, plaintiff cannot prove the elements required to

establish a negligence claim against a governmental agency.[1] Accordingly, we reverse the judgment of the Court of Appeals, and remand to the Macomb Circuit Court for entry of an order granting summary disposition in favor of defendant.

## I. FACTS AND PROCEEDINGS

On January 29, 1996, plaintiff was walking on a snow-covered sidewalk located in her neighborhood. Plaintiff claims that she slipped and fell on a patch of ice that had formed on the sidewalk.[2] Apparently, the ice had formed in a depressed portion where two sections of the sidewalk met. According to plaintiff, it had snowed before the incident, and the sidewalk had not yet been shoveled.

Anna Marson, plaintiff's neighbor and the homeowner nearest the portion of sidewalk at issue here, stated that, although the depression at the joint of the two cement slabs allowed water to settle, there was no raised edge or gap between the two slabs, and neither slab was actually broken. According to Marson, even in the winter, when "it just snows it would melt and there would be nothing [i.e., no ice] there.

---

[1] Throughout this opinion, "plaintiff" refers to Valeria Haliw. The loss of consortium claim of Ilko Haliw, plaintiff's husband, is derivative in nature.

[2] At her deposition, plaintiff admitted that she slipped on the ice patch; she did not trip on, or over, anything relating to the actual physical condition of the sidewalk itself.

2

But this [time], it happened to rain [before plaintiff's slip and fall] and there was ice . . . ." Marson, who provided aid to plaintiff just after her fall, stated that plaintiff told her that she had slipped on the ice that had formed on the sidewalk.

Plaintiff retained an engineering expert, Theodore Dziurman, who performed an inspection of the portion of sidewalk upon which plaintiff claimed ice had formed.[3] According to Dziurman, there was a "depression" where two slabs of the concrete sidewalk met, although he stated that there was no separation between the two slabs, and that "it [was] not any different than [a] normal joint, not unusual." It was Dziurman's opinion that, because of the presence of the depression, water was allowed to "pond" at that point resulting in the formation of ice under the proper weather conditions. When Dziurman was asked if the depression presented a dangerous or defective condition in the sidewalk in the absence of ice, the following colloquy ensued:

> *Q.* When there is no rain and no freezing, is there anything particularly defective or dangerous about that condition in and of itself?
>
> *A.* It could be dangerous to someone that wasn't expecting a depression there that could throw them off stride when they are walking causing them to stumble or fall. Someone riding on a

---

[3] We note that Theodore Dziurman's inspection of the sidewalk occurred on July 2, 1997.

bicycle if they are going real fast, they could hit the bottom of that thing and cause the bike to go out of control. There are possibilities of other accident potential because of that sunken condition.

*Q.* Do you have any information any of those things ever happened to that sidewalk slab?

*A.* No, I don't.

*Q.* Your statements about what could happen are theoretical; correct?

*A.* I think you asked me that.

As a result of her fall, plaintiff suffered a broken ankle that required surgical intervention and thereafter initiated a lawsuit against defendant. In response, defendant filed a motion for summary disposition, brought pursuant to MCR 2.116(C)(7) and (10). The trial court denied defendant's motion, and the Court of Appeals, in an unpublished opinion, affirmed, stating that

> [i]n addition to the presence of snow and ice, plaintiffs allege there was a defect in the sidewalk itself, and therefore their claim is not barred by the natural accumulation doctrine . . . . Here, plaintiffs presented evidence creating a genuine issue of material fact regarding whether the sidewalk where [plaintiff] fell was reasonably safe for public travel. [Issued October 5, 1999 (Docket No. 206886), slip op at 1-2.]

## II. Standard of review

We review the grant or denial of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "MCR 2.116(C)(7) tests whether a claim is barred

4

because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Glancy v Roseville*, 457 Mich 580, 583; 577 NW2d 897 (1998).

In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), we must consider the affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties in the light most favorable to the party opposing the motion. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Summary disposition may be granted if the evidence demonstrates that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* As with motions for summary disposition, we also review questions of statutory construction de novo as questions of law. *Donajkowski v Alpena Power Co*, 460 Mich 243, 248; 596 NW2d 574 (1999).

### III. GOVERNMENTAL IMMUNITY

The governmental tort liability act, MCL 691.1401 *et seq.*, provides immunity for governmental agencies, including municipalities like defendant. It is well settled in this state that governmental agencies are immune from tort liability while engaging in a governmental function unless an

exception applies.[4]   MCL 691.1407; *Nawrocki v Macomb Co Rd*

*Comm,* 463 Mich 143, 156; 615 NW2d 702 (2000); *Suttles v Dep't*

*of Transportation*, 457 Mich 635, 641; 578 NW2d 295 (1998);

*Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 591;

363 NW2d 641 (1984).  The immunity conferred on governmental

agencies is broad, and the exceptions narrowly drawn.[5]

*Nawrocki, supra* at 149; *Ross, supra* at 618.

The only exception implicated in the present case is the

so-called "highway exception" to governmental immunity, which

is set forth in MCL 691.1402, and provides in part:

> Each governmental agency having jurisdiction
> over a highway shall maintain the highway in
> reasonable repair so that it is reasonably safe and
> convenient for public travel. A person who sustains
> bodily injury or damage to his or her property by
> reason of failure of a governmental agency to keep
> a highway under its jurisdiction in reasonable
> repair and in a condition reasonably safe and fit
> for travel may recover the damages suffered by him
> or her from the governmental agency.[6]

---

[4] The five statutory exceptions to governmental immunity
are: the "highway exception," MCL 691.1402, the "motor vehicle
exception," MCL 691.1405, the "public building exception," MCL
691.1406, the "proprietary function exception," MCL 691.1413,
and the "governmental hospital exception," MCL 691.1407(4).

[5] Although governmental agencies may be under a wide
variety of duties, with regard to services that they provide
to the public, only those enumerated within the statutorily
created exceptions are legally compensable if breached.  MCL
691.1407; *Nawrocki*, *supra* at 157.

[6] Plaintiff's accident occurred on January 29, 1996.
Accordingly, the statutory language applicable in this case is
that found in 1990 PA 278, § 1, effective December 11, 1990,
rather than the current statutory language, which was enacted
(continued...)

Pursuant to subsection 1402(1), the duty to maintain public sidewalks in "reasonable repair" falls on local governments, including cities, villages, and townships. See *Chaney v Dep't of Transportation*, 447 Mich 145, 172, n 2; 523 NW2d 762 (1994); *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130, 136, n 6; 523 NW2d 791 (1994). Accordingly, a municipality's maintenance and repair of its sidewalks is the performance of a governmental function. MCL 691.1401(f).[7]

However, as we noted in *Suttles*, simply asserting that an action falls within the "highway exception" to governmental immunity is not the end of the analysis:

> In every instance where a plaintiff alleges a cause of action based on the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), the court must engage in a two-step analysis. [*Id*. at 651, n 10.]

First, it must be determined whether the plaintiff has pleaded

_____

[6](...continued)
by 1999 PA 205, and which became effective regarding causes of action arising on or after December 21, 1999.

[7] For purposes of application of the highway exception to a municipality, MCL 691.1401 provides: (1) "governmental agency" means the state or a "political subdivision"; (2) "political subdivision" means a "municipal corporation"; and (3) "municipal corporation" means a "city, village, or township." Subsection 1401(a),(b),(d). Moreover, "highway" means a public highway, road, or street that is open for public travel and includes bridges, *sidewalks*, trailways, crosswalks, and culverts on the highway. Subsection 1401(e). "Governmental function," as used in the governmental immunity act, is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." Subsection 1401(f).

a cause of action in avoidance of governmental immunity. Second, where a plaintiff successfully pleads in avoidance of governmental immunity, i.e., that the alleged injury occurred in a location encompassed by MCL 691.1402(1), the plaintiff must still prove, consistent with traditional negligence principles, the remaining elements of breach, causation, and damages contained within the statute. *Id.*, see also *Nawrocki, supra* at 172, n 29. The statute at issue contains the duty element of these principles; namely, the duty of a municipality to "maintain" the sidewalk "in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1).[8] See *Johnson v Pontiac*, 276 Mich 103, 105; 267 NW 795 (1936), explaining that "[t]he liability of cities for this class of cases is statutory . . . and it is the duty of defendant to keep its sidewalk in repair." Concepts such as the "natural accumulation" doctrine, see below, are pertinent to this second step of the analysis. See *Johnson*, *supra*, stating that a plaintiff cannot recover if an injury is due "*solely* to the presence of ice or snow" (emphasis added).

---

[8] "Courts should take care not to confuse their separate inquiries into [governmental] immunity and negligence." *Canon v Thumudo,* 430 Mich 326, 335; 422 NW2d 688 (1988).

8

## IV. THE NATURAL ACCUMULATION DOCTRINE

"It has long been the law in this state . . . that a governmental agency's failure to remove the natural accumulations of ice and snow on a public highway does not signal negligence of that public authority." *Stord v Transportation Dep't*, 186 Mich App 693, 694; 465 NW2d 54 (1991). The following cases present an overview of the "natural accumulation" doctrine as it relates to public sidewalks, and municipal defendants.

In *Mayo v Village of Baraga,* 178 Mich 171; 144 NW 517 (1913), the plaintiff brought an action to recover damages for injuries sustained as a result of falling on ice and snow on a sidewalk. This Court determined that

> [i]f a liability exists, it is because of a defect in the [sidewalk]; and, if ice frozen upon a sidewalk is a defect when it is caused by water flowing from a roof, why should it not be when it flows from a vacant lot, or when it falls upon the [side]walk, or is caused by the melting of snow upon or adjoining such a walk? If the liability of a city for damages resulting from a failure to keep its highways in a reasonably safe condition for travel extends to cases where such condition is not ascribable to defects in the construction and maintenance of the way, or to the action of the officers to the city or their negligence in the performance of a duty, it may be contended that cities must cause the streets to be patrolled, in search of bricks or coals that fall from wagons, for the treacherous banana peel, upon which the unwary are sure to slip, and for tacks or bits of glass or other rubbish, which puncture the tires of bicycles. [S]uch are not defects in the highway. [*Id.* at 173-174.]

9

In *Hopson v Detroit,* 235 Mich 248; 209 NW 161 (1926), a case involving facts similar to the instant one, the plaintiff was walking on a public sidewalk. There was a depression in the sidewalk where the concrete had settled and disintegrated; this condition made the sidewalk lower in the center. In this depression, water from natural causes had settled, with ice at the bottom and a thin layer of water on top. The plaintiff slipped on the ice that had formed in the depression, fell and was injured. The plaintiff's theory of liability was that when two causes combine to produce an injury to a traveler upon a public sidewalk, both of which are in their nature proximate-the one being a defect in the sidewalk, and the other some occurrence for which neither party is responsible-the municipality is liable, provided the injury would not have been sustained but for the defect. *Id.* at 250. This Court concluded that the defendant was not liable for the plaintiff's injury.

Stating that "[i]n order to employ the doctrine of a slippery place precipitating into an unsafe place, there must be an unsafe place to slip into," this Court held that the rule obtaining in Michigan places no liability upon the municipality for ice forming in this way. *Id.* Rather, the rule under which a plaintiff could recover is that where two causes combine to produce an injury to a pedestrian using a

10

sidewalk, one of the causes at least must be a defect in the sidewalk rendering the sidewalk not reasonably safe for public travel *at any time*. "Ice on a sidewalk, whether on level places *or in depressions*, constitutes no defect entailing liability." *Id.* at 250-251 (emphasis added). The depression, no matter what caused it, did not render the sidewalk out of repair "within the meaning of our statute relative to the duty of defendant to keep the walk in repair and reasonably safe for public travel." *Id.* at 251.

In determining that the plaintiff in *Hopson* could not prevail, this Court stated that

> wherever ice or snow is the *sole* proximate cause of the accident, *there shall be no liability*, but where at the time of the accident there is any other defect to which, as a proximate cause, the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow. *This other defect, however, is not a proximate cause within the meaning of this rule, simply because it causes the accumulation of the ice or snow.* In considering whether, "at the time of the accident, the way is otherwise reasonably safe and convenient," the attention is to be directed to the actual physical condition of the way for the purpose of ascertaining whether there is at that time any other danger to the steps of the traveler than that arising from the presence of ice or snow; if there be no other danger, then for the time being the way is "otherwise reasonably safe and convenient." [*Id.* at 252, quoting *Newton v Worcester,* 174 Mass 181, 187; 54 NE 521 (1899)(emphasis added).]

In *Johnson, supra,* the plaintiff suffered injuries as the

11

result of a fall sustained while walking over or around a piece of defective sidewalk. There was an accumulation of ice and snow upon the sidewalk. The claimed defect in the sidewalk, an upheaval, was likely caused by the roots of a nearby tree. Applying 1929 CL 4223, which established a duty within the defendant to keep its sidewalks in reasonable repair, this Court determined that where the plaintiff's slip and fall was due *solely* to the presence of the ice and snow, she could not prevail in her cause of action against the governmental agency. *Id.* at 105 (emphasis added).

Accordingly, the natural accumulation doctrine provides that a governmental agency's failure to remove ice or snow from a highway does not, by itself, constitute negligence. Pursuant to this doctrine, plaintiff must prove that there was an existing defect in the sidewalk rendering it not reasonably safe for public travel.

## V. ANALYSIS AND APPLICATION

Turning to the present case, we apply this longstanding rule and conclude that the natural accumulation of ice on the sidewalk, without more, did not constitute a breach of defendant's statutory duty to maintain the sidewalk in reasonable repair. Further, plaintiff cannot prove that her injuries resulted from a defect on the sidewalk, as distinct

**from the accumulation of ice.**[9]     **Although plaintiff has**

_____

[9]     The dissent's dominant theme is that we have invaded the province of the finder of fact by concluding that the accumulation of ice at this location was natural.  In support of this, the dissent asserts that "[a] determination whether the sidewalk was in 'reasonable repair' is a precursor to the issue whether the accumulation was natural, which is a precursor to application of the natural accumulation doctrine."  Slip op at 5.  The dissent also sets forth plaintiff's expert's reference to the accumulation of ice that occurred here as an "unnatural accumulation," and further asserts that whether the claimed depression was a defect rendering the sidewalk not reasonably safe was a question of fact. Slip op at 6-7.  This, in our judgment, is an incorrect analysis of the law.

In *Hopson* this Court rejected the dissent's argument that a depression that allows water to accumulate and freeze is an underlying defect precluding application of the natural accumulation doctrine.  **"Ice on a sidewalk, whether on level places *or in depressions*, constitutes no defect entailing liability."  *Id*. at 250-251 (emphasis added).  The Court continued: "[t]he rule, and the only rule, under which plaintiff could recover is that, where *two* causes combine to produce an injury to a pedestrian using a sidewalk, one of the causes at least must be a defect in the walk, rendering the walk not reasonably safe for public travel at any time." *Id*. at 250 (emphasis added).  As the Supreme Court of Massachusetts observed in *Newton*, *supra* at 187, a case upon which *Hopson* relied:**

> **[T]he real question is not simply whether the way, with no ice or snow upon it, is defective, but whether, if there be such a defect, it was operative as such at the time of the accident, and was in part the proximate cause of it.  If there be such an operative defect, then there may be a liability, even although the accident be due in part to ice or snow; otherwise, there is no such liability, even if the defect was the cause of the accumulation of ice or snow.**

**Therefore, an independent defect, other than the accumulation of ice or snow, must be at least a proximate cause of a plaintiff's injury in order for the plaintiff to recover under the statute.  It is clear from the testimony of plaintiff,**
(continued...)

13

properly pleaded that her claim falls within the "highway exception" to governmental immunity found in MCL 691.1402(1), she cannot establish an injury caused by a defect in the sidewalk under traditional negligence principles. Specifically, plaintiff cannot demonstrate that the claimed depression was a proximate cause of her slip and fall for purposes of the highway exception under the rule set forth in *Hopson, supra.*

To establish a prima facie case of negligence, a plaintiff must be able to prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Schultz v Consumers Power Co*, 443 Mich 445, 449; 506 NW2d 175 (1993). Proof of causation requires both cause in fact and legal, or proximate, cause. *Skinner v Square D* Co, 445 Mich 153, 162-163; 516 NW2d 475 (1994); *Davis v Thornton*, 384 Mich 138, 145; 180 NW2d 11 (1970). Cause in fact requires that the harmful result would not have come about but for the defendant's negligent conduct. *Skinner, supra* at 163, citing Prosser & Keeton, Torts (5th ed), § 41, p 266). "On the other hand, legal cause or

_____

[9](...continued)
plaintiff's expert, and the eyewitness, that there was no such defect that proximately caused plaintiff's fall in the instant case. Thus, we conclude in accord with *Hopson*, that plaintiff failed to establish a genuine issue of material fact whether a defect, rather than the accumulated ice alone, caused her injury.

14

'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Skinner*, *supra* at 163. Here, in our judgment, plaintiff cannot demonstrate that her injury was caused by a breach of the duty set forth in MCL 691.1402(1).

As in *Hopson,* plaintiff cannot demonstrate that it was the *combination* of ice *and* a defect in the sidewalk that caused her to slip and fall. See *id*. at 250-252. Plaintiff admitted, with Anna Marson's testimony supporting the admission, that she slipped on the ice that was present on the sidewalk; she did not trip over, or lose her balance in any way because of the claimed depression in the sidewalk. The *sole proximate cause* of plaintiff's slip and fall was the ice; there was no persistent defect in the sidewalk rendering it unsafe for public travel at all times that, in combination with the ice, caused the incident.[10]

---

[10] Even if we were to assume that the claimed depression here represented a condition that rendered the sidewalk not "reasonably safe for public travel" at all times, under the facts of the present case the natural accumulation of ice in the depression effectively vitiated the unsafe condition presented by the depression itself.

This point, perhaps, is better illustrated by way of example. Under the first scenario, a six-foot deep hole exists in the middle of a sidewalk. Water naturally accumulates in the top of the hole and, because of the weather conditions, freezes so that, in effect, the hole no longer exists. While walking upon the sidewalk, an individual steps

(continued...)

15

Simply put, a plaintiff cannot recover in a claim against a governmental agency where the sole proximate cause of the slip and fall is the natural accumulation of ice or snow. This is true even where the ice or snow naturally accumulates in a portion of the highway (i.e., sidewalk) that was otherwise not "reasonably safe and convenient for public travel . . . ." *Hopson*, *supra* at 250. Rather, there must exist the combination of the ice or snow and the defect that, in tandem, proximately causes the slip and fall. Thus, even if we accept plaintiff's claim, in the present case, that a depression in the sidewalk allowed the ice to form and be present, we conclude that such a depression, under the facts here, did not render the sidewalk out of repair within the meaning of subsection 1402(1).[11]

---

[10] (...continued)
on the ice, slips, and falls, thereby incurring injury. Under this scenario, it can only be said that the sole proximate cause of the slip and fall was the presence of the natural accumulation of ice. A different outcome, however, would present under a scenario where the same six-foot hole in the sidewalk is present, but the ice forms several inches below the top of the hole. While walking upon the sidewalk, an individual steps on the edge of the hole, which causes him to momentarily lose his balance. While attempting to remain upright, this individual slips on the ice that had naturally accumulated in the hole. Under this scenario, it must be said that, in tandem, the defect and the natural accumulation of ice combined to proximately cause the slip and fall.

[11] The prevailing rule from *Hopson*, *supra* at 250-51, and *Johnson*, *supra* at 105, is that a plaintiff cannot recover if an injury is due solely to the presence of ice on the sidewalk, **even if a depression in the sidewalk caused the**
(continued...)

16

## VI. CONCLUSION

The claimed sidewalk depression in the present case merely allowed the natural accumulation of ice to form, and factually presented no "other danger to the steps of the traveler than that arising from the presence of the ice . . . ." *Hopson, supra* at 252. As in *Hopson,* we reject the proposition that the presence of ice alone, which naturally accumulates and which is the sole proximate cause of a slip and fall, satisfies the remaining elements of the negligence analysis employed in actions against governmental agencies. In the absence of a persistent defect in the highway (i.e., a sidewalk), rendering it unsafe for public travel at all times, and which combines with the natural accumulation of ice or snow to proximately cause injury, a plaintiff cannot prevail against an otherwise immune municipality.

The judgment of the Court of Appeals is reversed, and we remand this case to the Macomb Circuit Court for entry of an order granting defendant's motion for summary disposition.

CORRIGAN, C.J., and WEAVER, TAYLOR, and YOUNG, JJ., concurred

---

[11](...continued)
accumulation. In such cases, the depression is not a proximate cause of the plaintiff's injury. *Hopson*, *supra* at 250-251. Our law has developed this test specifically in the context of the natural accumulation doctrine and the highway exception to governmental immunity. MCL 691.1401(e). *Hopson's* formulation of proximate cause is limited to those cases that have arisen in this specific context.

17

with MARKMAN, J.

# STATE OF MICHIGAN

## SUPREME COURT

VALERIA HALIW and
ILKO HALIW,

    Plaintiffs-Appellees,

v                                                                No. 115686

THE CITY OF STERLING HEIGHTS,

    Defendant-Appellant.

_____

KELLY, J. (*dissenting*).

I believe that plaintiffs established questions of fact about whether (1) the claimed depression in the sidewalk rendered the sidewalk no longer reasonably safe, (2) the ice or snow on which Valeria Haliw fell was a "natural accumulation," and (3) her injuries were proximately caused by the sidewalk's condition.

The majority's resolution of these factual disputes is an impermissible invasion into the province of the finder of fact. Because the issues should be left for the finder of fact, I would affirm the Court of Appeals decision that upheld

the trial court's denial of defendant's motion for summary disposition.

I

In the proceedings below, defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10). It argued that summary disposition was proper because the natural accumulation doctrine barred plaintiffs' claim, and there was no defect in the sidewalk in question. Plaintiffs retorted that there were questions of fact whether the sidewalk was defective because the depression in it created an unnatural accumulation of ice and snow. Therefore, they contended, the natural accumulation doctrine has nothing to do with the case.

In denying defendant's motion, the trial court stated:

> *The Court*: It seems [plaintiff] does have someone who seems to have expertise-a great deal of expertise who is saying it is a year-around defect, not just an accumulation of ice and no defect if it is a constant problem and he is going to testify to that, and if that-from that this Court's specific perspective raises an issue of fact, you are saying that by a preponderance that doesn't meet the standard?
>
> I am not disposed to agree with your position on that, so you have something else you would like to make me aware of regarding why this isn't something that a jury must listen to?
>
> [*Defendant's counsel*]: I have nothing else with regard to the expert, your honor. . . .
>
> *The Court*: . . . [T]his Court does believe that plaintiff has shown-this fact issue has been raised by provisions raised by the expert and his credentials and you [defendant] may provide your

2

own expert, but if a finder of fact should have the opportunity, then, to weigh the issues in this case, and I will deny the motion for summary disposition.

In affirming, the Court of Appeals rejected defendant's claim that the natural accumulation doctrine barred plaintiffs' claim.[1] It reasoned:

> Defendant's argument fails, however, because plaintiffs do not allege that Valeria Haliw fell because of a natural accumulation of ice and snow. Rather, plaintiffs claim that the fall was caused by an unnatural accumulation of ice and snow resulting from a depression in the sidewalk. Thus, in addition to the presence of snow and ice, plaintiffs allege that there was a defect in the sidewalk itself, and therefore their claim is not barred by the natural accumulation doctrine. [Slip op, pp 1-2 (citation omitted).]

The appellate court disagreed, also, with defendant's position that the alleged defect was insufficient to support the imposition of liability. It reasoned that a factual dispute existed whether the sidewalk where Valeria Haliw fell was reasonably safe for public travel. It rejected as unpersuasive defendant's argument disputing plaintiffs' evidence, explaining that a court "may not assess credibility or determine facts when considering a motion for summary disposition." *Id.* at 2.

II

This Court reviews a trial court's decision concerning a

---

[1]Unpublished opinion per curiam, issued October 5, 1999, (Docket No. 206886).

summary disposition motion de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(7) where a claim is barred because of immunity granted by law.

A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. See *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). In reviewing it, the court considers the pleadings, affidavits, and other documentary evidence filed or submitted by the parties in the light most favorable to the nonmoving party. The motion is granted if the documentary evidence shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Courts may not determine facts on a motion for summary disposition. Questions of fact must be settled by the finder of fact. See *Zamler v Smith*, 375 Mich 675, 679; 135 NW2d 349 (1965); *Miller v Miller*, 373 Mich 519, 526; 129 NW2d 885 (1964).

### III

A government agency has a statutory duty to keep highways under its jurisdiction in reasonable repair so that they are reasonably safe and convenient for public travel. MCL 691.1402(1). At least in a municipal setting, a "highway" is defined to include sidewalks. MCL 691.1401(e).

Here, it is undisputed that plaintiffs' claim falls within the "highway exception" to governmental immunity found in MCL 691.1402(1). Nevertheless, the majority determines that summary disposition in favor of defendant is proper. It reasons that the "claimed depression in the sidewalk was not an independent defect . . . ." It asserts, also, that the natural accumulation of ice or snow on the sidewalk does not give rise to an actionable breach of defendant's duty. Slip op at 1.

I agree that the presence of a natural accumulation of ice or snow does not, itself, constitute a breach of the municipality's statutory duty. However, it is debatable whether the accumulation in the present case can be deemed "natural." A determination whether the sidewalk was in "reasonable repair" is a precursor to the issue whether the accumulation was natural, which is a precursor to application of the natural accumulation doctrine.[2] Therefore, a proper resolution of this case must begin with a decision whether, as a question of fact, the sidewalk was in "reasonable repair."

In opposition to defendant's summary disposition motion, plaintiffs introduced a report from their expert, Theodore

---

[2]See *Whinnen v 231 Corporation*, 49 Mich App 371, 376-377; 212 NW2d 297 (1973), discussing the relevance of photographs to the issue of "the combination of defective construction, inadequate maintenance [of a sidewalk], and a consequent unnatural or artificial accumulation of ice or snow."

5

Dziurman. Dziurman noted that his inspection of the sidewalk revealed the following:

> The second and third slabs north of the driveway [the site where plaintiff fell[3]] had settled about 2 inches. Water would accumulate in this depression.

He then recited what he thought transpired in this case:

> Based on [plaintiff's] deposition transcript, she most likely slipped on an "unnatural" accumulation of ice which caused her to fall. However, on the date of the accident, there was also a trip hazard at the same location . . . .
>
> * * *
>
> . . . I believe that [plaintiff's] apparent slip and fall occurred due primarily to "defects in the walking surface." Due to either poor compaction of the "base" material beneath the sidewalk and/or due to past tree root growth, at least 2 of the sidewalk slabs at this location had settled resulting in an unnatural depression in the sidewalk.

Finally, Dziurman summarized his findings as follows:

> There were several defects in the sidewalk in front of 36225 Arlene, Sterling Heights, Michigan, in January of 1996. These defects had existed for several years. *The most significant defect was a settlement of two slabs resulting in a depression that would pond water or ice in a 2 or 3 square foot area. This depression was not normal and if the sidewalk sections had been properly constructed and maintained, there would not have been a depression in the sidewalk sections noted on*

---

[3]In the complaint, plaintiffs claimed that Valeria fell because of a depression in the sidewalk, among other things. Anna Marson, the homeowner nearest the sidewalk, testified that she helped Valeria to her feet after she fell and thought that she had gone down where the depression existed in the sidewalk.

6

*January 29, 1996 which created an unnatural accumulation of ice.*

Based on weather data for January of 1996, there was a source and proper temperatures to allow ice to form. In the a.m. of January 29, light snow had obscured the ice. As [plaintiff] walked along the public sidewalk in front of 36225 Arlene, her foot accidentally landed on the unnatural accumulation of unseen ice causing her to slip and fall. . . .

The defects in the walking surface allowed ice to form and these defects were the proximate cause of [plaintiff's] accident. [Emphasis added.]

In support of its motion, defendant argued that the report was insufficient to create a factual dispute regarding the sidewalk's condition. Also, it introduced testimony from the homeowner nearest the sidewalk, who stated that there was nothing dangerous about the sidewalk absent snow or ice. Plaintiffs countered with Dziurman's testimony that the sidewalk, without snow or ice, "could be dangerous" to pedestrians or bicyclists who were not expecting a depression.

Construing the evidence in the light most favorable to plaintiffs, the nonmoving parties below, a jury could infer that the sidewalk's depression rendered it out of "reasonable repair."[4]  Thus, a question of fact existed whether defendant

_____

[4]See *Cornell v City of Ypsilanti*, 212 Mich 540, 547; 180 NW 405 (1920), recognizing that "while a municipality is not liable, as matter of law, for slight depressions in its sidewalks, such depressions may be of such size, shape and character as to make the question one of fact" for the jury to determine. See also *Williams v Bay City*, 126 Mich 156, 156-
(continued...)

breached its statutory duty under MCL 691.1402. See *Miller*, *supra* at 525 (Souris, J., concurring), citing *Grand Trunk R Co v Ives*, 144 US 408, 417; 12 S Ct 679; 36 L Ed 485 (1892), stating that "[u]nless a judge can properly say that all reasonable men would agree from the undisputed evidentiary facts that there was or was not negligence, the issue must be submitted for jury determination . . . ."[5]

The factual dispute regarding whether the sidewalk was in reasonable repair consequently creates a question of fact whether there was a "natural accumulation" in this case. See *Navarre v Benton Harbor*, 126 Mich 618, 619-620; 86 NW 138 (1901), holding that whether the defendant city breached its statutory duty to keep its sidewalks in reasonable repair must

---

[4](...continued)
157; 85 NW 458 (1901).

[5]See *Pappas v Bay City*, 17 Mich App 745, 752-753; 170 NW2d 306 (1969), where the plaintiff introduced evidence that she stepped on ice covered by snow that had accumulated in a depression of a sidewalk of at least 2-3/8 inches. The court held that this evidence created a question for the jury (1) whether the defendant city breached its statutory duty to keep the sidewalk in reasonable repair, (2) whether the defect, if it existed, caused the accumulation of ice, and (3) whether this was the proximate cause of the plaintiff's injury. Cf. *Hopson v Detroit*, 235 Mich 248, 251; 209 NW 161 (1926), where the plaintiff slipped and fell on ice that had accumulated in a depression in a public sidewalk. The plaintiff sued the defendant city, claiming that it was liable for breaching its duty to keep its sidewalk in reasonable repair. We held that a directed verdict in favor of the defendant city was proper because the plaintiff had failed to establish a "culpable defect in the [side]walk."

be left for the jury. In that case, the evidence justified the jury's inference that the sidewalk's "depressed condition . . . was such as to induce the formation of ice in unusual quantities . . . ."[6] Therefore, by determining that the sidewalk was not defective and that this case concerns a "natural accumulation" of ice or snow, the majority has impermissibly invaded the province of the factfinder. See *Zamler, supra* at 679; *Miller, supra* at 524.

Alternatively, the majority asserts, even if the depression in the sidewalk rendered it no longer reasonably safe, the natural accumulation of ice or snow here "effectively vitiated the unsafe condition." Slip op at 15, n 10. This assertion is flawed because it is based on a premise that the accumulation here was "natural." Again, the question of fact regarding the defective nature of the sidewalk precludes making such a determination. See *Zamler, supra* at 679.

Finally, the majority states that summary disposition for defendant is appropriate because plaintiffs cannot demonstrate

---

[6]See also *Whinnen, supra* at 377, "[i]n almost every case whether the condition was due to a natural accumulation or an artificial or unnatural accumulation or condition is one of fact for the jury." Cf. *Woodworth v Brenner*, 69 Mich App 277, 281; 244 NW2d 446 (1976), summary disposition in favor of the defendant city was proper where the only defect that the plaintiff alleged in the sidewalk was the presence of ice; the plaintiff failed to allege some defect in the sidewalk itself.

9

that the claimed depression was the proximate cause of the fall under *Hopson*, *supra*. The trial court made no findings regarding proximate cause. The parties never argued this issue. Instead, their arguments concerned whether the sidewalk was in reasonable repair and whether the natural accumulation doctrine applied. Therefore, I believe it improper to decide the instant matter on proximate cause grounds. See *Miller*, *supra*.[7]

Nevertheless, given the evidence presented below, particularly although not exclusively Dziurman's report, a factual dispute exists whether Valeria Haliw's injuries were proximately caused by the condition of the sidewalk. Thus, defendant is not entitled to summary disposition on this basis, either.[8]

IV

Plaintiffs established a genuine factual dispute

---

[7]Moreover, the majority's reliance on *Hopson* is misplaced. *Hopson* held that there was no evidence of an actual defect in the sidewalk. See *id.* at 251; see also *Pappas*, *supra* at 752, stating that, to reconcile *Hopson* with other cases from this Court, it should be read as holding that no actual defect was shown. Hence, *Hopson* does not control where, as here, there is evidence of an actual defect in the sidewalk.

[8]See *Johnson v Marquette*, 154 Mich 50, 53-54; 117 NW 658 (1908), finding whether a sidewalk's condition was the proximate cause of the plaintiff's injury was a question properly left for the jury. The record showed that the sidewalk contained an unnatural accumulation of ice or snow. See also *Pappas*, *supra* at 752-753.

10

regarding whether the sidewalk at issue was in reasonable repair. Consequently, there is also a question of fact whether Valeria Haliw slipped on a "natural accumulation" of ice or snow and whether her injuries were proximately caused by the sidewalk's condition. Accordingly, I would affirm the Court of Appeals decision to uphold the trial court's denial of defendant's summary disposition motion.

CAVANAGH, J., concurred with KELLY, J.