Markman, J.
(concurring).
I concur with the order. I write separately only to respond to several arguments in Justice Weaver’s dissent, which have the potential to mislead future litigants and which seek to replace the policy determinations of the Legislature, as explained in Nawrocki v Macomb Co Rd Comm, 463 Mich 143 (2000), with those of Justice Weaver.
The central proposition of Justice Weaver’s dissent is that, under MCL 691.1402(1), municipalities have a “statutory duty to maintain [a] highway ‘in reasonable repair and in a condition reasonably safe and fit for travel.’ ” Post at 1246. However, Nawrocki (a decision in which Justice Weaver joined) quite clearly explains that the duty established under the first sentence of MCL 691.1402(1) is limited to keeping the highway “in reasonable repair”:
The first sentence of the statutory clause, crucial in determining the scope of the highway exception, describes the basic duly imposed on all governmental agencies, including the state, having jurisdiction over any highway: “[to] maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.” This sentence establishes the duty to keep the highway in reasonable repair. The phrase “so that it is reasonably safe and convenient for public travel” refers to the duty to maintain and repair. The plain language of this phrase thus states the desired outcome of reasonably repairing and maintaining the highway; it does not establish a second duty to keep the highway “reasonably safe.” [Nawrocki, supra at 160.]
*1245 Nawrocki thus clearly asserts that the duty of a municipality under MCL 691.1402(1) is limited to maintaining highways in “reasonable repair.”[1]
Justice Weaver’s dissent then goes to extraordinary lengths to distinguish Haliw v Sterling Hts, 464 Mich 297 (2001), noting that Haliw involved a natural accumulation of snow, unlike the instant case.[2] However, the only relevant consideration for deciding the instant case is that a municipality’s duty is limited to “maintaining the [sidewalk] in reasonable repair,” and under that language plaintiff must show some defect in the sidewalk. The fact that Haliw involved a natural accumulation of snow, and the instant case does not, is utterly irrelevant and beside the point.
After distinguishing Haliw on the facts, Justice Weaver’s dissent then relies on several cases to support its contention that a plaintiff may recover for an injury that arises from an unnatural accumulation of ice and snow. What Justice Weaver’s dissent fails to acknowledge is that two of these cases — Kowalczyk v Bailey, 379 Mich 568 (1967), and Johnson v City of Marquette, 154 Mich 50 (1908) — did not involve the application of the governmental tort liability act (GTLA), MCL 691.1401 et seq., which was enacted in 1964. Although the third case cited by the dissent, Hampton v Master Products, Inc, 84 Mich App 767 (1978), did refer to the GTLA, Hampton relied on Kowalczyk, a pre-GTLA case, to conclude that an unnatural accumulation could permit recovery. Accordingly, Justice Weaver’s reliance on these cases is misplaced because all of them have been superseded with the 1964 enactment of the GTLA, which was the subject of thorough interpretation in Nawrocki.
Justice Weaver’s dissent rightly notes that the facts of this case are extremely tragic. However, the question before this Court is not how to ensure that plaintiffs obtain a recovery; rather, we must determine whether, under the laws of our state, a recovery has been authorized against a municipality under the present circumstances. For under our laws, “[i]t is well settled” that a municipality is generally “immune from tort liability while engaging in a governmental function unless an *1246 exception [in the GTLA] applies.” Haliw, supra at 302; see also MCL 691.1407(1). Consequently, to conclude that defendant is not liable for damages under the GTLA is, as in every other such case, not the equivalent of this Court lauding defendant’s performance of its municipal responsibilities or approving its sense of public priorities.
To reach its result, Justice Weaver’s dissent transforms Nawrocki, irrelevantly distinguishes Haliw, and relies upon opinions long since superseded by new statutes. Most significantly, it accords unnatural meanings to the words of the law. Although I too have harbored concerns about the impact of our state’s governmental immunity law, see, e.g., Reid v Detroit, 474 Mich 1116 (2006); Ewing v Detroit, 468 Mich 886 (2003), any solution must lie in legislative amendment, not in the revision of statutory law by this Court.

 Nawrocki further clarified a municipality’s duty: “ ‘The duty to repair would generally limit the government’s liability to cases in which there are defects.’ ” Nawrocki, supra at 177 n 32 (citation omitted). This Court has repeatedly equated the duty to “repair” with a duty to fix “defects.” Nawrocki, supra at 158; Haliw v Sterling Hts, 464 Mich 297, 309 n 9 (2001); see also Teufel v Watkins, 267 Mich App 425, 429 n 1 (2005) (“The plain meaning of ‘reasonable repair’ as used in MCL 554.139(1)(b) requires repair of a defect in the premises. Accumulation of snow and ice is not a defect in the premises.”).

 Justice Weaver’s dissent also expends a great deal of effort distinguishing MacLachlan v Capital Area Transp Auth, 474 Mich 1059 (2006). Given that the majority’s order never cites MacLachlan, I am unsure why Justice WEAVER believes it necessary to do so. The order is a simple and straightforward application of Nawrocki.