# STATE OF MICHIGAN

# COURT OF APPEALS

CARMEL BROWN,

        Plaintiff-Appellant,

v

FERROUS PROCESSING AND TRADING
COMPANY, CONESTOGA-ROVERS &
ASSOCIATES, INC., and WEAVERTOWN
ENVIRONMENTAL GROUP, INC., d/b/a
WEAVERTOWN GROUP INC.,

        Defendant-Appellees.

v

DEARBORN REFINING COMPANY,

        Defendant.[1]

UNPUBLISHED
December 9, 2014

No. 316666
Wayne Circuit Court
LC No. 10-015046-NI

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendants, Ferrous Processing and Trading Company, Conestoga-Rovers & Associates, Inc., and Weavertown Environmental Group, Inc., pursuant to MCR 2.116(C)(10), in this negligence action arising from a work-site injury. We affirm.

In March 2008, plaintiff was employed by Downriver Torching Services when he sustained burn injuries while working at an environmental waste cleanup site. Various contractors were involved in the remediation of the site, which had been an oil refining and processing facility. Defendant Conestoga-Rovers served as the project engineer/general

---

[1] Defendant Dearborn Refining Company was dismissed by stipulation and order on May 23, 2013, and is not a party to this appeal.

-1-

contractor, after non-party Marine Pollution Control Corporation had completed some work on the site. Conestoga-Rovers entered into a contract with defendant Weavertown to decommission and clean remaining oil tanks at the site. Conestoga-Rovers also hired defendant Ferrous Processing to cut the oil tanks into smaller pieces and Ferrous Processing hired plaintiff's employer, Downriver Torching, to complete that task.

On the day plaintiff was injured, he was using a torch to cut an oil storage tank into pieces when he sustained burn injuries. Plaintiff subsequently brought this negligence action against the various contractors involved with remediating the site, generally alleging that they failed to properly inspect and clean oil from the tank.

After extensive discovery was conducted, defendants filed a joint motion for summary disposition pursuant to MCR 2.116(C)(10). Defendants argued that plaintiff's negligence claims must fail because he could not establish that their conduct proximately caused his burn injuries. Defendants noted that plaintiff testified he had no idea how the fire occurred or what caused it. And plaintiff failed to present a liability expert who supported his claim. He offered no proof that would facilitate a reasonable inference of causation other than mere speculation and conjecture. Defendants further argued that plaintiff could not establish that any of them owed him a separate and distinct duty arising out of their contractual obligations with respect to the worksite cleanup. That is, plaintiff was not a party to their contracts, he was not a third party beneficiary of those contracts, and defendants owed no duty to plaintiff under the common-law.

Plaintiff responded to defendants' motion, arguing that defendants had a duty to inspect and clean oil from the storage tank before providing the tank to plaintiff for cutting, and defendants' failure to do so proximately caused him to sustain burn injuries when a fire occurred during the torching process. Plaintiff argued that defendants had a common-law duty to perform in a non-negligent manner as discussed in *Fultz v Union-Commerce Assoc*, 470 Mich 460, 464; 683 NW2d 587 (2004) and Restatement Second of Torts, §§ 323, 324. Further, federal and state law regulations required that defendants deliver the tank to plaintiff cleaned of all flammables.

Plaintiff also argued that direct and circumstantial evidence supported his proximate cause theory. The direct evidence included his and his brother's deposition testimony, medical records which referred to oil as the cause of plaintiff's burns, his treating physicians' deposition testimony, and defendants' own investigatory notes which indicate that plaintiff sustained a "chemical burn." Plaintiff's brother, Anthony Brown, witnessed the fire and testified that "[t]he tank was on fire real bad, like one of the pipes had fire coming out and it was like something was in there." Plaintiff's emergency room physician, Dr. Susan Corrion, testified that she was told by plaintiff that he was burned with oil from a tank he was cutting and so she assumed he was burned with oil. Dr. Corrion also testified that a burn from a flame usually does not transition from a second-degree burn to a third-degree burn once the fire is out but, in this case, she believed the burn did, which can happen in a chemical burn. Plaintiff also argued that his claims were supported by circumstantial evidence because there was no other way that he could have sustained burns than that the storage tank caught fire because flammables remained in the tank. Therefore, plaintiff argued, the evidence considered in a light most favorable to him established, at minimum, that a genuine issue of material fact existed, precluding summary disposition in defendants' favor.

Defendants replied to plaintiff's response, arguing that plaintiff could not establish proximate cause. There was no evidence supporting plaintiff's claim that oil was in the tank, or that oil ignited and caused his injuries. Plaintiff admitted in his deposition that he had no idea what caused the fire and had no evidence that the involved tank was not clean. Plaintiff's brother testified that he did not see the actual ignition of the fire and did not know what caused the fire. And plaintiff's treating physicians admitted in their depositions that the only reason their records reference "oil" is because plaintiff mentioned it; however, none of the doctors would opine that, within a reasonable degree of medical certainty, "oil" caused plaintiff's injuries. In fact, Dr. Corrion deferred to Dr. Michael White, a burn specialist who testified that plaintiff's burns were caused by "flame," not oil or a chemical. Defendants reiterated the claim that they owed no duty to plaintiff "separate and distinct from [their] contractual obligations" as required under the *Fultz* holding. And plaintiff's reliance on ANSI Standards was misplaced because they were irrelevant and inadmissible; plaintiff had no witness who could testify that they applied but, even if they did apply, the standards only mirrored defendants' contractual obligations. Thus, defendants argued, plaintiff's claims should be dismissed in their entirety.

After oral arguments on defendants' joint motion for summary disposition, the trial court granted the motion. The trial court held that plaintiff failed to establish a question of fact on the issue of proximate cause, i.e., that there was a connection between defendants' conduct and the injuries plaintiff sustained. Plaintiff did not offer any witness testimony to support his claim that defendants' failure to inspect and clean the storage tank caused plaintiff's burn injuries. Plaintiff's physicians were not qualified to provide such testimony. Therefore, defendants were entitled to summary disposition of plaintiff's claims. In light of this holding, the trial court declined to rule on defendants' claim that they owed no duty to plaintiff. This appeal followed.

Plaintiff argues that the trial court erred in granting summary disposition in defendants' favor under MCR 2.116(C)(10) because the issue of proximate cause was for the jury to determine. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). The pleadings, depositions, and other documentary evidence must be considered in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor, to determine whether a genuine issue of material fact exists upon which reasonable minds could differ. *Id*.; *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010).

Plaintiff argues that the trial court usurped the jury's role by assessing credibility and determining disputed facts when it held that plaintiff could not establish that defendants' actions were a proximate cause of his injuries. Plaintiff claims that defendants failed to inspect and clean the storage tank and that oil, or another substance, remaining in the tank ignited when plaintiff began the torch-cutting process to cut up the tank, which caused him to be burned by the resulting fire. In support of his claim, plaintiff argues, he offered deposition testimony from himself, his brother, his treating physicians, medical records, photographs of the storage tank, and defendant's records related to this incident. Considered in the light most favorable to him,

plaintiff argues, this evidence established that a genuine issue of material fact existed on the issue of proximate cause.

To establish a prima facie case of negligence, the plaintiff must prove that a legal duty was owed by the defendant, breach of that duty, causation, and damages. *Loweke v Ann Arbor Ceiling & Partition Co*, 489 Mich 157, 162; 809 NW2d 553 (2011). At issue here is the causation element. To prove causation, the plaintiff must establish that a defendant's negligence was both a cause in fact and proximate, or legal, cause of the plaintiff's injuries. *Haliw v Sterling Hts*, 464 Mich 297, 310; 627 NW2d 581 (2001). In this case, the trial court determined that plaintiff did not establish a genuine issue of factual causation. Factual causation exists if the harmful result would not have occurred but for the defendant's conduct. *Id*.; *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). That is, evidence of causation is sufficient if the jury could conclude that, more likely than not, but for the defendant's conduct the plaintiff's injuries would not have occurred. *Id*. at 164-165. Circumstantial evidence may show factual causation, but such evidence must facilitate reasonable inferences and not mere speculation. *Id*. at 163-164. A logical sequence of cause and effect must be established, but the plaintiff need not positively eliminate every other potential cause or other plausible theories even if they have evidentiary support. *Mulholland v DEC Int'l Corp*, 432 Mich 395, 415; 443 NW2d 340 (1989).

Here, we agree with the trial court that, even assuming defendants owed plaintiff a duty, plaintiff failed to establish that but for defendants' conduct his injuries would not have occurred. That is, plaintiff failed to establish a genuine issue of factual causation, i.e., that his burn injuries would not have occurred but for defendants' failure to inspect and clean the storage tank. For example, plaintiff failed to present any testimony: (1) that residual oil in a storage tank poses a risk of fire, (2) that oil is flammable, (3) the amount of oil required to start a fire, (4) that other types of flammable substances could have been in the storage tank, (5) that a torch-cutting process could ignite oil or another substance that remained in the tank, or (6) that, more likely than not, but for defendants' failure to properly inspect and clean the storage tank of residual oil or another substance, plaintiff would not have been burned.

Plaintiff testified that he heard a hissing sound when he pulled the oxygen trigger on his torch and immediately heard a "pow," saw fire coming out of the storage tank, and "something else came out" of the tank all over him. Plaintiff did not testify that oil came out of the tank; rather, he testified that he did not know what substance came out of the tank. Plaintiff also testified that he did not know how the fire started or what caused the fire. Plaintiff's brother testified that he did not see the fire start, and did not know what caused the fire; rather, he first noticed something was wrong when he saw his brother's clothes on fire. Although plaintiff's brother testified that he saw that "the tank was on fire real bad, like one of the pipes had fire coming out and it was like something was in there," he could not testify what the "something" was or why flames could have been coming out of a pipe. No other witness testified that oil or another flammable substance could be in a pipe within the storage tank. Plaintiff's treating physicians did not testify, and could not testify, that plaintiff's burns were caused by the igniting of residual oil or another substance in the storage tank during the torch-cutting process. These physicians were not qualified to render an opinion on the alleged hazards of using a cutting torch on a storage tank. While one of defendants' investigatory notes contained a handwritten reference to a "chemical burn," there is no indication that a physician made that diagnosis. In

fact, Dr. White, the burn specialist who treated plaintiff, testified that he believed that plaintiff sustained a burn caused by a flame and not a chemical.

Plaintiff also argues that circumstantial proof showed the requisite causal link between defendants' alleged conduct and his injury. Plaintiff argues that he could not have been burned unless a flammable substance remained in the storage tank. But that is not true. Defendants' theory of causation is that slag, hot molten steel produced by the torching process, sprayed onto plaintiff's clothing, caught his clothing on fire, and caused plaintiff's burn injuries. Both plaintiff's and defendants' causation theories are equally plausible explanations of how plaintiff suffered burns. And, considering the evidence presented, both theories remain only conjecture because the evidence is without selective application to either one of them. See *Skinner*, 445 Mich at 164 (citation omitted). As the *Skinner* Court explained:

> "[A]t a minimum, a causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. [*Id*. at 164-165.]

The evidence presented, viewed in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, merely suggests that defendants' conduct may have been a cause of plaintiff's burns; however, mere possibility is insufficient to submit the issue of causation to the jury. Because plaintiff failed to establish a genuine issue of factual causation, the trial court properly dismissed plaintiff's negligence action. See *Genna v Jackson*, 286 Mich App 413, 418; 781 NW2d 124 (2009). In light of this disposition, we need not consider plaintiff's claim that defendants owed him a legal duty.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen