# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN MENARD, by his conservator, SHELLY
MENARD,

        Plaintiff-Appellee,

v

TERRY R. IMIG and SHARRYL ANN
EVERSON,

        Defendants,

and

MACOMB COUNTY DEPARTMENT OF
ROADS and COUNTY OF MACOMB,

        Defendants-Appellants.

UNPUBLISHED
September 6, 2018

No. 336220
Macomb County Circuit
LC No. 2014-003145-NI

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

METER, J. (*dissenting*).

Because I conclude that plaintiff presented sufficient evidence that the defective road was a proximate cause of his injuries, I respectfully dissent. I would affirm the denial of summary disposition to the Macomb defendants.

MCL 691.1402 provides, in part:

> A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

To sustain his cause of action based on the highway exception to governmental immunity, plaintiff needed to show, "consistent with traditional negligence principles, the . . . elements of breach, causation, and damages . . . ." *Haliw v City of Sterling Heights*, 464 Mich 297, 304; 627 NW2d 581 (2001). For causation, plaintiff had to demonstrate both cause-in-fact and proximate cause. *Id*. at 310. Cause-in-fact "requires that the harmful result would not have come about but

-1-

for the defendant's negligent conduct." *Id.* "While a plaintiff need not prove that an act or omission was the *sole* catalyst for his injuries, he must introduce evidence permitting the jury to conclude that the act or omission was *a* cause." *Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). "[L]egal cause or 'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994), overruled in part on other grounds by *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999).

The majority concludes that plaintiff created a question of fact regarding whether the width of the road was a cause-in-fact of plaintiff's injuries because, but for the width of the road, plaintiff's injuries would not have occurred. However, the majority also concludes that the width of the road was not a proximate cause of the injuries. The majority asserts that the road was merely a conduit for the negligent acts of others, namely Sharryl Everson's using her high-beam headlights and Terry Imig's failure to engage his brakes in a timely fashion.

In my opinion, the causal link between the defective road and plaintiff's injuries is not so attenuated that it would be "socially and economically [un]desirable" to hold the Macomb defendants liable. *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 496-97; 668 NW2d 402 (2003). The berms' artificial narrowing of Hipp Road from 20 to 15 feet was a persistent defect in the road's physical structure that foreseeably led to plaintiff's injuries. The narrowing affected the positioning of passing cars' headlights. Imig claimed that the glare of Everson's headlights caused him to not see plaintiff until he was 20 or 25 feet away, and the majority recognizes that Everson's headlights induced increased glare and blindness in Imig. Because the berms substantially narrowed the improved portion of the road, it was foreseeable that vehicles would be forced to pass much closer to one another and at night would have to shine at least one headlight very closely into oncoming traffic, inducing increased glare and blindness. Relatedly, the narrowing of Hipp Road reduced the travelable area for cars and bicyclists. Whereas each lane used to be 10 feet, the berms reduced the lanes to 7.5 feet, which left little room for bicyclists. An accident-reconstruction expert testified:

> *Q.* Now, is it your testimony that the width of the road contributed to the accident?
>
> *A.* Without a doubt.
>
> *Q.* In what fashion did the width of the road contribute to the accident? In what manner?
>
> *A.* I guess one good indicator would be is my exhibit here that I had previous Exhibit 5, but if we listen to the testimony of the Buick driver who claims that she saw the impact with the bicyclist, and the bicyclist is next to the grass, and the pickup driver is saying that he is over as far to the right that he can go, and now as a car comes by, and she indicates, I think how she said it that she could reach out and touch the truck as they passed each other. So that is telling me right there without any measurements that this roadway's creating a problem for any three things to get by each other.

The combination of the narrowness of the road and the related increased glare from headlights made it entirely foreseeable that a safety issue would arise if a bicyclist were using the road. The defective road was not merely a conduit for the negligent acts of others; instead, it "put in motion the agency by which the injuries [were] inflicted." *Singerman v Muni Servs Bureau, Inc*, 455 Mich 135, 145; 565 NW2d 383 (1997) (quotation marks and citation omitted). Accordingly, plaintiff presented adequate evidence of proximate cause.[1]

I would affirm the denial of summary disposition for the reasons stated in this dissenting opinion.

/s/ Patrick M. Meter

---

[1] I note that more than one proximate cause can contribute to an injury. *Brisboy v Fireboard Corp*, 429 Mich 540, 547; 448 NW2d 650 (1988). In addition, I note that I find no merit to the additional arguments raised by the Macomb defendants on appeal.