685 N.W.2d 647 (2003)
468 Mich. 886
EWING
v.
CITY OF DETROIT.
Docket No. 122405.
Supreme Court of Michigan.
October 3, 2003.
Reconsideration Denied October 3, 2003.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ. We would grant reconsideration and, on reconsideration, would grant leave to appeal.
MARKMAN, J. (concurring).
I agree with the majority that plaintiffs motion for reconsideration must be denied on the basis of Robinson v. Detroit, 462 Mich. 439, 613 N.W.2d 307 (2000), and that the "law of the case" doctrine cannot be allowed to defeat the retroactivity of this decision. However, I write separately to urge the Legislature to respond to Robinson and this case by affording an appropriate form of relief to persons in the circumstances of the plaintiffs.
It is hard to imagine a more tragic situation than when an innocent person, such as either plaintiff, has been injured in the course of a police vehicle pursuit. Here, the two plaintiffs were seriously injured when a fleeing vehicle crashed into theirs. Not surprisingly, Jay McGuigan, the subsequently convicted felon who was the driver of the fleeing vehicle, was uncollectible.
This Court has seen a number of similar cases in recent years, each involving innocent victims of a legitimate police pursuit. Because governmental vehicles are involved, rather than, for example, private ambulances or emergency vehicles, the victims are entitled to no compensation as a result of the governmental immunity statute, MCL 691.1405. This is what present law requires, but it is extraordinarily unjust.
It is extraordinarily unjust because injuries following police pursuits occur as a direct result of legitimate law enforcement activities undertaken for the benefit of the entire community. In such cases, it should be the entire community that bears the full costs of law enforcement, not merely the random victim of a police pursuit. That is, in the same way that the public as a whole bears the costs of purchasing private property where it is taken for a public use, rather than only the individual property owner, the public as a whole should bear the full costs of this law enforcement activity, rather than only the random victim.
I emphasize that I view police pursuits as a legitimate law enforcement procedure. I also emphasize that, when injuries result from such pursuits, I view the fleeing criminal as the responsible party, not the police. Nonetheless, injuries arising from police pursuits can fairly be characterized as having arisen in the direct course of a law enforcement activity, with the public as a whole, not merely the chance victim, properly bearing the costs. I do not doubt that there are difficult practical questions for the Legislature to resolve in addressing this matter, but I would respectfully urge that it assess whether there is some more equitable means for apportioning the costs of society's law enforcement efforts.[1]
NOTES
[1] I am cognizant that any invocation of governmental immunity can be said to impose a cost upon an individual member of the public that should arguably be borne by the public as a whole. However, in determining the breadth of governmental immunity in Michigan, the Legislature does not act irrationally in considering such factors as the nature of the public function being performed and its likelihood of causing harm, the nature of such harm, and the ability of individual members of the public to avoid, or to protect themselves against such harm.